UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24943-CV-WILLIAMS/MCALILEY

CONTINUUM ON SOUTH BEACH,
THE SOUTH TOWER CONDOMINIUM
ASSOCIATON, INC.,

    Plaintiff,

vs.

LANDMARK AMERICAN INSURANCE
COMPANY AND DAVID AZRAN,

    Defendants.
_____/

# REPORT AND RECOMMENDATIONS

Pending before the Court is Plaintiff's Motion to Remand, which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 8, 13). Defendant Landmark American Insurance Company filed a response, and Plaintiff a reply. (ECF Nos. 14, 28). Having carefully reviewed the parties' memoranda, the applicable law and the pertinent portions of the record, for the reasons explained below, I recommend that the Court grant the Motion to Remand.

The Court also has before it Defendant David Azran's Motion to Dismiss, which Judge Williams referred to me for a report and recommendation. (ECF Nos. 15, 17). Given my recommendation that the Court remand this action, I further recommend that the Court deny Azran's Motion to Dismiss as moot.

1

I.    BACKGROUND

This action arises from a lawsuit now pending in the Eleventh Judicial Circuit Court, in and for Miami-Dade County, Florida (the "State Court Lawsuit").

Defendant David Azran was a director and treasurer of Plaintiff Continuum Condominium Association. Non-party MMT FLA Investments sued Azran in State Court for actions he allegedly took while on that Board. In that action Azran filed a third-party complaint against the Condominium Association for, *inter alia*, indemnification and negligence. (ECF No. 14-4, *generally*). Plaintiff gave notice to its insurer, Defendant here, Landmark Insurance Company, of Azran's claims against it, and Landmark denied coverage. (ECF No. 1-1 at ¶¶ 19-20). Plaintiff thereafter filed this action against Landmark and Azran in Florida state court for a declaratory judgment that Azran's Third-Party Complaint is a covered claim, and that Landmark has a duty to defend Plaintiff in the State Court Lawsuit. (*Id*. at ¶ 27).

Landmark removed the case to this Court, under 28 U.S.C. § 1441(a), based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (ECF No. 1). In its Notice of Removal, Landmark acknowledges that both Plaintiff and Azran are citizens of Florida. (ECF No. 1). Landmark asserts that complete diversity nevertheless exists because the Court should disregard Azran's citizenship pursuant to the doctrine of fraudulent joinder, as Plaintiff "added [Azran] merely to defeat diversity jurisdiction" and "Plaintiff does not seek any relief against Azran." (*Id*. at 3-4).

Plaintiff thereafter filed its Motion to Remand. (ECF No. 8). Plaintiff argues that Azran is a "necessary and interested party" and that the Court does not have subject matter

jurisdiction here, as the parties are not diverse. (*Id*. at 3-4). Plaintiff further asserts that the Court cannot realign the parties, such that Azran is considered a plaintiff for diversity purposes, because Azran's and Plaintiff's interests are not aligned. (*Id*. at 4). Plaintiff also argues that Landmark has not met its burden to prove that the amount in controversy exceeds $75,000. (*Id*. at 2-3).

Landmarks disputes each of Plaintiff's assertions. (ECF No. 14). Landmark argues that the Court can provide complete relief between Plaintiff and Landmark without Azran's presence in this lawsuit. (*Id*. at 13-14). Landmark also argues that Azran is a "sham defendant" because Plaintiff does not state a claim against Azran and seeks no relief against him. (*Id*. at 14-16). Landmark contends that if the Court considers Azran's citizenship, it should realign him as a plaintiff because "[Plaintiff's] interests in this suit are not adverse to Azran's interest…." (*Id*. at 19). Finally, Landmark contends that it has sufficiently established the amount in controversy requirement. (*Id*. at 5-11).

For the reasons explained below, I conclude that Azran is a necessary party to this lawsuit, and the Court cannot realign him as a plaintiff because Azran's interests in his pending Third-Party Complaint against Plaintiff plainly are not aligned with Plaintiff's interests in this lawsuit. Having found that the absence of complete diversity deprives this Court of jurisdiction over this action, the Court does not address whether Landmark has met its burden of establishing that the amount in controversy requirement is satisfied.

**II.   ANALYSIS**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute..." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511

U.S. 375, 377 (1994) (citations omitted). For this reason, "[a] suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Securities, Inc.,* 813 F.2d 1368, 1371 (9th Cir.1987) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10, (1983)). The removing defendant has the burden of proving that subject matter jurisdiction exists in removed actions. *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936). Courts must strictly construe the requirements of removal jurisdiction and resolve any doubts in favor of remand. *See Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994).

District courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000, and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998). As noted, Landmark removed the lawsuit based on diversity jurisdiction.

The Complaint alleges that Plaintiff is a citizen of Florida and Landmark is a citizen of Georgia. (ECF No.1-1 at ¶¶ 2-3). The Complaint also alleges that Azran is a resident of Florida. (*Id*. at ¶ 4). This allegation does not conclusively establish Azran's citizenship because, with respect to individuals, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (*citing Hendry v. Masonite Corp.,* 455 F.2d 955, 955 (5th Cir.1972)), and "domicile is not synonymous with residence…." *Molinos Valle Del Cibao C. Por A v. Lama*, 633 F.3d

1330, 1341-42 (11th Cir. 2011). Regardless, the parties do not dispute that Azran is a citizen of Florida and the Court accepts this as true.

The inclusion of Azran as a defendant destroys complete diversity because parties on both sides of the dispute are citizens of Florida. Landmark argues, however, that the Court should disregard Azran's citizenship, either because he is not a necessary party or is a sham defendant. Landmark notes that in determining diversity jurisdiction, the Court considers the citizenship of "only those who are real and substantial parties to the controversy" and "must disregard nominal or formal parties…." *Murphy v. Charter Oak Fire Ins. Co.*, 166 F.Supp.3d 1311, 1313-14 (S.D. Fla. 2015) (quotation marks and citation omitted). Alternatively, Landmark urges the Court to realign Azran as a plaintiff. I address each argument below.

    1. <u>Azran is a Necessary Party</u>

This lawsuit concerns whether the insurance policy Landmark issued to Plaintiff Continuum Condominium Association covers the claims Azran filed against the Association, and whether Landmark has a duty to defend the Condominium Association in that State Court Lawsuit. Courts are split about whether the plaintiff in an underlying lawsuit against an insured is a necessary party to a declaratory judgment action between the insured and its insurer. Landmark argues that the plaintiff – Azran, with his Third-Party Complaint – is not a necessary party here. Landmark relies on a recent decision from another division of this Court, *Westchester Surplus Lines Ins. Co. v. Summers Fire Sprinklers, Inc.*, No. 20-21770-Civ-Williams/Torres 2020 WL 6379371, at *4 (S.D. Fla. Oct. 5, 2020), as support for its position.

The *Westchester* Court refused to dismiss a declaratory judgment action between an insurer and its insured for failure to join parties who asserted cross-claims for indemnity against the insured in a pending lawsuit. *Id.* at *1, 4.

The *Westchester* Court recognized that an absent party is necessary if "in the person's absence, the court cannot afford complete relief among existing parties" or "resolution of the action may either as a practical matter impair or impede the person's ability to protect the interest or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." *Id*. at *4 (citations and quotation marks omitted). The Court found that the cross-plaintiffs in the underling lawsuit were not necessary parties because the Court could afford complete relief without them, reasoning that the insured's liability "would remain unchanged" regardless of the Court's determination whether the insurer must defend and indemnify the insured in the underlying lawsuit. *Id*. at *4.

*Westchester* does not control the decision here. Unlike the cross-claimants in *Westchester*, Azran has asserted more than a claim for indemnity; he also sues the Condominium Association in tort - for negligence. (ECF No. 14-4 at Count IV). The Eleventh Circuit has found that "absent tort claimants [are] indispensable parties to the insurer's declaratory judgment action against the insured because, were the case allowed to proceed without them, the claimants' interest would be prejudiced." *American Safety Cas. Ins. Co. v. Condor Assoc.*, 129 Fed. App'x 540, 542 (11th Cir. 2005) (citing *Ranger Ins. Co. v. United Housing of New Mexico*, 488 F.2d 682 (5th Cir. 1974)) (quotations marks

6

omitted).[1] Specifically, Azran might be prejudiced if this Court rules that Landmark has no duty to defend Plaintiff because this ruling may ultimately limit Azran's ability to recover damages from Plaintiff in the State Court Lawsuit. *See e.g., Auto-Owners Ins. Co. v. Emerald Star Casino & Resorts, Inc.*, No.09-1129, 2009 WL 3446745, at *2 (M.D. Fla. Oct. 21, 2009) ("As the injured parties [in the underlying state court lawsuit], [they] have an interest in this declaratory judgment action, and their inclusion is permissible under Florida law."); *Houston Specialty Ins. Co. v. Titleworks of Southwest Florida, Inc.*, No. 2:15-cv-219, 2015 WL 5599175, at *5 (M.D. Fla. 2015) ("In the context of a dispute regarding insurance coverage, Rule 19 requires joinder of a plaintiff in an underlying lawsuit against an insured because that plaintiff's ability to recover against the insured would be impacted by the presence or absence of insurance coverage.") (citation omitted); *Westchester Surplus Lines Ins. Co.*, 2020 WL 6379371 at *3 (citations omitted) (recognizing that "an insurer has no duty to indemnify if there is no duty to defend.").

Azran is a necessary party for a second reason. If Azran is not a party to this lawsuit, he will not be bound by its judgment, which leaves open the possibility that Azran might later sue Landmark to try to collect on a judgment he could later get against Continuum; and this would subject Landmark to multiple or inconsistent obligations. *Indep. Fire Ins. Co. v. Paulekas*, 633 So.2d 1111, 1113 (Fla. 3d DCA 1994) ("A declaratory action obtained

---

[1] S*ee also Tower Ins. Co. of New York v. Aledith Enterprises, Inc.* No. 12-22689-Civ-Cooke/Turnoff, 2013 WL 12064483, at * 2 (S.D. Fla. Sept. 30, 2013) (citations omitted)) ("In an insurance coverage action, the necessary and interested parties are the insurer, insured, and claimants."); *Zurich Am. Ins. Co. v. Arlington Prop., Inc.*, No. 1:16-cv-233-MW/GRJ, 2016 WL 9506037, at *1 (N.D. Fla. Dec. 9, 2016) (citations omitted) ("third-party claimants in declaratory-judgment actions to determine insurance coverage" are necessary parties).

by an insurer against its insured is not binding on a third-party claimant who was not a party to the declaratory judgment action."). *See also Amerisure Ins. Co. v. R.L. Lantana Boatyard, Ltd.*, No. 10-80429, 2010 WL 4628231, at *2 (S.D. Fla. Nov. 8, 2010) (plaintiff in underlying lawsuit necessary party because "[t]he legal effect of the Court's declaratory judgment would be undermined if [underlying plaintiff] could later sue [insurer] for damages under the terms of the insurance policy irrespective of this Court's judgment regarding [insurer's] obligations, or lack thereof, under that policy."); *Zurich Am. Ins. Co.*, 2016 WL 9506037 at *2 (plaintiff in underlying action necessary party because "if [insurer] prevails and [underlying plaintiff] is *not* joined, it could still face a lawsuit over the same issues adjudicated here.") (emphasis in original).

2. <u>Azran is Not a Sham Defendant</u>

Landmark relies on the doctrine of fraudulent joinder to argue that Azran is a sham defendant. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Notably, Landmark has not cited any authority that applies fraudulent joinder to facts like those in this case.

The Eleventh Circuit explains that:

> joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts.

8

*Id*. at 1287 (citations omitted). A party seeking to establish fraudulent joinder must do so by clear and convincing evidence. *See Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citation omitted).

Landmark does not contend that Plaintiff engaged in "outright fraud in …pleading jurisdictional facts." *Triggs*, 154 F.3d at 1287. Instead, it argues that Plaintiff's joinder of Azran is fraudulent because "there is no allegation that there is any action for which [Plaintiff] could establish a claim against Azran." (ECF No. 14 at 16). This kind of fraudulent joinder recognizes that the non-diverse defendant cannot belong in the lawsuit because it cannot be liable to the plaintiff. In this declaratory judgment action, Azran's liability to Plaintiff is not the proper inquiry because the Court's task is to determine the parties' relative rights – not to determine liability.[2] Azran is a necessary and appropriate party to this action so that the Court's judgment can bind all interested parties and thus provide finality. On this reasoning, I find that the first instance of fraudulent joinder is inapplicable here.

For the foregoing reasons, I conclude that Landmark has not met its heightened burden to establish that Plaintiff Continuum fraudulently joined Azran as a defendant in this action.

---

[2] *See* 28 U.S.C. § 2201 ("any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.").

3. <u>Realignment of Azran as a Plaintiff is Not Warranted</u>

In the alternative, Landmark asks the Court to realign Azran as a Plaintiff to achieve complete diversity. (ECF No. 14 at 16-19). "[F]ederal courts are required to align the parties in an action to reflect their interests in the litigation." *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). Courts are not bound by the parties "designation of plaintiffs and defendants" and they have the duty "to look beyond the pleadings and arrange the parties according to their sides in a dispute." *Id*.

Courts are split about whether a plaintiff in an underlying lawsuit should be realigned with the insured in a declaratory judgment action to determine coverage. *See Dream Builders of South Florida Corp. v. Mid-Continent Casualty Co.*, No. 18-23123-Altman/Goodman, 2019 WL 3821552, at *3 (S.D. Fla. Aug. 15, 2019) (collecting cases). Judge Altman in *Dream Builders* thoroughly analyzed the issue and declined to realign the parties, finding that the interests of a state-court plaintiff are not "truly aligned" with the interests of the insured in a declaratory judgment action when the underlying lawsuit is still pending *Id*. at *3-4. Judge Altman reasoned that there is a distinction between declaratory judgment actions where a judgment has already been entered against the insured in an underlying lawsuit, and those where the underlying lawsuit is still pending (what he terms the "duty to defend stage"). *Id*. When the issue of realignment is raised at the duty to defend stage, the state-court plaintiff "has very little interest in seeing her adversary…represented – at no additional cost – by a well-funded and sophisticated insurance defense firm." *Id*. at *3).

I find Judge Altman's reasoning persuasive and adopt it here. As in *Dream Builders*, Azran's Third-Party Complaint against Plaintiff is still pending, and the Court cannot conclude that Azran shares Plaintiff's interest in Landmark funding its defense to Azran's claim. Realignment of Azran as a plaintiff is not justified. *See Stallings & Sons, Inc. v. EMC Property & Casualty Co.*, No. 2:19-cv-392-WKW, 2020 WL 1540395, at *3-4 (M.D. Ala. March 31, 2020) (underlying plaintiffs "do not share [insured's] interest in obtaining the [insurer's] defense to the claims that they bring against [insured] and that are pending in the underlying action."); *Sinclair v. Auto-Owners Ins. Co.*, 22 F.Supp.3d 1257, 1262 (N.D. Ga. 2014) (denying realignment because state court plaintiffs "have adverse interests to [insured] in that action and would probably prefer that [insurer] not provide [insured] with a defense in that case.").

Lastly, Plaintiff asks the Court to award it the attorney's fees it incurred in seeking remand. Title 28 U.S.C. §1447(c), provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court instructs that "[a]bsent unusual circumstances, courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Given the split of authority discussed above, Landmark did not lack an objectively reasonable basis to seek removal.

### III. RECOMMENDATION

For the foregoing reasons, I respectfully recommend that the Court **GRANT** Plaintiff's Motion for Remand, (ECF No. 8), **REMAND** this action to state court and

**DENY** Plaintiff's request for attorney's fees. If the Court adopts this recommendation, I **FURTHER RECOMMEND** that the Court **DENY AS MOOT** Defendant Azran's Motion to Dismiss, (ECF No. 15).

IV.     **OBJECTIONS**

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 8th day of April 2021, at Miami, Florida.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　CHRIS MCALILEY
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

cc: Honorable Kathleen M. Williams
　　Counsel of Record